# IN THE COURT OF APPEALS OF IOWA

No. 13-1556
Filed February 25, 2015

**EDGAR EDUARDO AVILA,**
  Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
  Respondent-Appellee.
_____

Appeal from the Iowa District Court for Johnson County, Joel W. Barrows,

Judge.


Edgar Avila appeals from the order denying his application for

postconviction relief. **AFFIRMED.**


Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant

Attorney General, Janet Lyness, County Attorney, and Andrew B. Chappell,

Assistant County Attorney, for appellee.


Considered by Bower, P.J., McDonald, J., and Miller, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MILLER, S.J.**

Edgar Avila appeals from the order denying his application for postconviction relief.  He claims both trial and appellate counsel were ineffective with regard to his guilty pleas to possession with intent to distribute cocaine, a class "C" felony, and possession of marijuana.  He claims trial counsel was ineffective in failing to properly advise him of the immigration consequences of pleading guilty and appellate counsel was ineffective in failing to raise this claim on direct appeal.  Because Avila has failed to show counsel was ineffective, we affirm.

**I. BACKGROUND FACTS AND PROCEEDINGS.**

This case began after Avila twice sold cocaine to a police informant.  Based on that information, the police obtained a warrant to search Avila's apartment.  During that search, officers discovered one ounce of cocaine and various items associated with the drug trade.  Avila admitted the cocaine and items belonged to him.  He was arrested and in July 2009 was charged with possession of less than one hundred grams of cocaine with intent to deliver, failure to affix a drug tax stamp, maintaining a drug house, and possession of marijuana.

Avila was legally in the United States at the time of his arrest but was not a United States citizen.  The United States Immigration and Customs Enforcement (ICE) held him following his arrest.  In his brief, Avila states that ICE "made it quite clear that they were interested in deporting him" and "kept an eye on" him.  Avila's family hired Dan Vondra, who specializes in immigration law, to

assist Avila with immigration matters. Paul Miller represented Avila in connection with the criminal charges after his first attorney withdrew due to a conflict of interest.

The State and Avila reached a plea agreement. The State dropped the tax stamp and drug house charges, and on April 7, 2010, Avila entered a written guilty plea to possession of marijuana.[1] That same day Avila appeared before the district court and pled guilty to possession of cocaine with intent to deliver. The following exchange occurred during the plea hearing:

> THE COURT: The court is required to inform all defendants that a criminal conviction will affect that defendant's status under federal immigration status if the defendant is not a United States citizen. Are you a United States citizen?
> MR. AVILA: No, ma'am.
> THE COURT: Have you had sufficient time to discuss that with Mr. Miller?
> MR. AVILA: Yeah. I've discussed it a few times with him in details.
> MR. MILLER: Could I add this? He has a separate immigration attorney that he has retained and so they're in the process of dealing with the status and they're aware of these charges.
> THE COURT: Okay. Do you know the name of that attorney?
> MR. AVILA: Dan Vondra.
> THE COURT: And I am curious, Mr. Miller, does Mr. Vondra know Mr. Avila is here today to enter a plea?
> MR. MILLER: I don't know if he is here today but he has been updated with the status of the case.
> THE COURT: Alright. Have you talked to Mr. Vondra about the consequences that might befall you in terms of your immigration status if you plead guilty or if you are convicted?
> MR. AVILA: Yeah, I've talked to him a few times about it. He has been talking to my parents mainly about it. He has told us some of the consequences.

---

[1] The written plea did not contain an advisory regarding the possible immigration consequences of his plea.

> THE COURT: Do you want any more time to talk with Mr. Vondra before we proceed here with your guilty plea proceeding?
>
> MR. AVILA: No, I don't.
>
> THE COURT: Okay. I want to make sure that you know that as a court here I don't have the knowledge being a state judge to tell you what the consequences might be. My duty is to make sure that you know that there may very well be consequences to a guilty plea and conviction, and my duty is to make sure that you have had enough time to explore what those consequences are before you come forward here to plead guilty, so that's why I'm covering this with you. Are you sure you've had time to talk with Mr. Vondra?
>
> MR. AVILA: Yes, I am.
>
> THE COURT: We'll proceed.

After reviewing the rights Avila was waiving by pleading guilty, the court addressed the immigration issue again: "And I'm going to ask you once again just to make sure that if it's not true, you can tell me, have you had enough time to talk with Mr. Vondra about the immigration consequences that you may suffer?" Avila responded, "Yes, I have."

On April 8, 2010, the district court entered an order accepting Avila's plea to both counts of possession. The order states in pertinent part:

> On the record, the Court was informed by Defendant that he is not a United States citizen. Defendant states that he has consulted with Attorney Dan Vondra and has discussed with Attorney Vondra the consequences of the guilty plea upon his immigration status in this country, and Defendant wishes to proceed with entry of guilty pleas today.

Avila was sentenced to no more than five years in prison and was ordered to pay a $1000 fine for his possession-of-cocaine-with-intent-to-deliver conviction.[2] The court suspended the fine and placed Avila on probation for

---

[2] We note, as Avila does in his brief, that his offense is a class "C" felony, the sentence for which includes a prison term of no more than ten years. *See* Iowa Code § 124.401(1)(c)(2)(b) (2009). As also noted by Avila, this error in the written sentencing order is immaterial to Avila's ineffective-assistance-of-counsel claims.

three years. With regard to his conviction for possession of marijuana, Avila was sentenced two days in jail with credit for time served and ordered to pay a $300 fine.

The direct appeal of Avila's convictions was handled by Rachel Antonuccio, an associate working in Vondra's law firm. This court affirmed Avila's convictions in *State v. Avila*, No. 10-1151, 2011 WL 2556811, at *3 (Iowa Ct. App. June 29, 2011). No application for further review was filed. On August 31, 2011, Avila was deported to Mexico.

On July 26, 2012, Avila filed his application for postconviction relief alleging his trial counsel was ineffective in allowing him to plead guilty without being made aware of the immigration consequence of his plea and his appellate counsel was ineffective in failing to raise the issue of ineffective assistance provided by Miller and Vondra. An evidentiary hearing was held on July 17, 2013. On August 26, 2013, the district court entered its order denying relief.

## II. SCOPE OF REVIEW.

While we generally review the denial of a PCR application for corrections of errors at law, we review claims of a constitutional nature de novo. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). Therefore, we review Avila's claims of ineffective assistance of counsel de novo. *See id.*

## III. INEFFECTIVE ASSISTANCE OF COUNSEL.

In order to establish ineffective assistance of counsel, Avila must show his trial counsel failed to perform an essential duty and that failure prejudiced him. *See Rhoades v. State*, 848 N.W.2d 22, 27 (Iowa 2014). Both elements must be

proved by a preponderance of the evidence. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).

Avila raises claims of ineffective assistance of both trial and appellate counsel. His claim of ineffective assistance of appellate counsel relates to appellate counsel's failure to raise the claims relating to trial counsel on direct appeal. In order to succeed on a claim appellate counsel was ineffective in failing to raise the issue of ineffective assistance of trial counsel on direct appeal, a PCR applicant must show the ineffective-assistance-of-trial-counsel claim would have prevailed had it been raised on direct appeal. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). Therefore, we first address Avila's claims relating to Miller and Vondra, which we find dispositive.[3]

Avila alleges both Miller and Vondra were ineffective in failing to advise him of the immigration consequence of his guilty plea. Failing to advise a criminal defendant of the risk of deportation when that risk is clear constitutes a breach of an essential duty. *Padilla v. Kentucky*, 559 U.S. 356, 357 (2010). Avila argues both Miller and Vondra "were the functional equivalent of co-counsel" and as long as they collectively failed to advise him of the immigration consequences of his guilty plea, there was a breach of duty.[4]

---

[3] The State urges that error was not preserved on Avila's claim that Miller was ineffective because it was addressed on direct appeal. Because we find no merit in Avila's claim, we choose to address it.

[4] We note there is a division among the Federal Circuit Courts of Appeal on the issue of whether a defendant has a right to effective assistance of immigration counsel. *See Contreras v. Attorney General of United States*, 665 F.3d 578, 584 n.3 (3d Cir. 2012) (noting this disagreement). Because we find Vondra did not breach an essential duty, we need not decide whether a claim of ineffective assistance may lie against immigration counsel.

We are unable to find Miller and Vonda breached their duty to inform Avila of the immigration consequences of pleading guilty to possession of cocaine and possession of marijuana. The evidence shows that all the parties knew ICE wanted to deport Avila. Miller knew that pleading guilty to a drug-related felony would lead to deportation and "several times told Mr. Avila that a drug felony, such as the class 'C,' will get him deported." Vondra, an experienced immigration attorney, met with Avila in July and September of 2009 and testified he is sure he told Avila that pleading guilty to possession of cocaine with intent to deliver would result in deportation. Although Avila claimed at the PCR hearing that neither Miller nor Vondra informed him of the immigration consequences, Avila told the district court at the guilty plea hearing that both Miller and Vondra discussed the immigration consequences of pleading guilty and that he did not need more time to discuss those consequences before entering his guilty plea. The more credible evidence supports a finding Miller and Vondra complied with their duty and informed Avila he would be deported if he pled guilty to the possession-with-intent charge.

Even assuming they failed to adequately inform Avila of the consequences of pleading guilty, Avila cannot show he was prejudiced by this failure. In order to show prejudice, Avila must show that had he been informed a guilty plea would result in deportation, he would not have pled guilty and would have insisted on going to trial. *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006). The case against Avila was strong, with Avila admitting the cocaine found in his apartment was his. The State did not offer an option of pleading guilty that would

avoid a conviction on the possession-of-cocaine charge. If Avila did not plead guilty, he ran the risk of federal prosecution; state charges had also been initially filed against Avila's co-conspirator, who was ultimately prosecuted and convicted in federal court. In other words, if Avila had not pleaded guilty, it was likely he would have been convicted on federal charges and sentenced to federal prison in addition to being deported. By pleading guilty Avila avoided the risk of two additional state convictions and a prison sentence. Avila told Miller he wanted to accept the plea agreement and plead guilty to avoid a prison sentence. He admits he told Miller he "just wanted to [plead guilty] and get it over with."

Because we find Avila failed to show Miller and Vondra breached an essential duty that resulted in prejudice, his claim of ineffective assistance of trial counsel fails. For these same reasons, appellate counsel was not ineffective in failing to raise the issue of trial counsel's ineffectiveness on direct appeal. Accordingly, we affirm the district court order denying relief.

**AFFIRMED.**